GEORGE N. YOUNGSON AND HELEN YOUNGSON, PLAINT-
IFFS IN ERROR, V. RACHEL POLLOCK, DEFENDANT
IN ERROR.

1. Practice in Supreme Court: MISTAKE IN JUDGMENT CORRECTED. Where an action was against two or more defendants jointly, and the verdict of the trial jury was in favor of the plaintiff but against one defendant only, and the court by mistake or oversight rendered judgment against both, the mistake being conceded, in this court upon proceedings in error the mistake in the judgment will be corrected without remanding the cause for a new trial.

2. The Evidence examined, and found sufficient to sustain the verdict of the jury.

ERROR to the district court for Kearney county. Tried below before GASLIN, J.

*J. L. McPheely* and *J. M. Stewart*, for plaintiffs in error, cited: *Smith v. Silvis*, 8 Neb., 168. *Leighton v. Stuart*, 10 Neb., 224. *Huckabee v. Nelson*, 54 Ala., 14. *Lenoir v. Moore*, 61 Miss., 400.

*Joel Hull* and *R. St. Clair,* for defendant in error, cited :: *McCormick v. Stevenson,* 13 Neb., 70.   6 Wait's Actions and Defenses, 140.

REESE, CH. J.

This was an action for the value of certain personal property alleged to belong to defendant in error, and which it is averred was converted to the use of plaintiffs in error,. the value of which was $450.

Plaintiffs in error filed a joint answer, in which they allege that, on or about the 30th day of April, 1885, one A. Pollock, husband of defendant in error, executed to plaintiffs in error a promissory note for $303, payable October 1, 1885, and that to secure the payment thereof he executed and delivered to said Helen Youngson a chattel mortgage,. described in the petition of the defendant in error; that the alleged conversion of the property referred to in the petition of defendant in error was nothing more nor less than the foreclosure of the mortgage, and which was done with the knowledge and consent of defendant in error.

The reply consisted of a general denial.

The cause was tried to a jury, who rendered a verdict in favor of defendant in error for the sum of $175.   This. verdict is in the following form :

"Richard L. Pollock, plaintiff, against G. N. Youngson,. defendant.   We, the jury in this case, being duly empaneled and sworn, do find for the plaintiff, and assess the. amount of damages the said plaintiff is entitled to recover of and from the said defendant at $175."

Upon this verdict a judgment was rendered, after which a motion for a new trial was made and overruled, and the cause is brought into this court by proceedings in error by the defendant below, who is plaintiff in error here.

The judgment appears to have been rendered immediately upon the return of the verdict, and on the next day

the motion for a new trial was filed, which was upon the following grounds:

"1st, The verdict is not sustained by sufficient evidence.

"2d, The verdict is contrary to the law.

"3d, Errors of law occurring on the trial, duly excepted to.

"4th, Is contrary to the instructions of the court given on its own motion."

This motion having been filed after judgment, by both defendants, it would seem that they intended to disregard the apparent oversight of the jury in returning the verdict against Youngson alone. However, it is now insisted that the court erred in rendering judgment against plaintiffs in error, the verdict being against one. This seems to be conceded by counsel for defendant in error, for it is said in their brief that, "By mistake of the district judge, or the clerk, the judgment against both of these plaintiffs in error," was rendered. This being conceded, the judgment can be corrected to that extent without the expense of a new trial.

The remaining contention of plaintiff in error is, that the verdict is not sustained by sufficient evidence. The point of contention in the district court was as to the ownership of the property at the time the mortgage was executed; or conceding defendant in error to have been the owner, it was contended by plaintiff in error that she had ratified the execution of the mortgage by her husband, and therefore was bound by it.

Upon this part of the case there was a direct conflict in the evidence. The jury having found in favor of the defendant in error, their verdict cannot be molested. It is true that the amount of the verdict is much less than the jury would have been justified in returning for defendant in error. Under the evidence in the case, they found that the property was all hers at the time it was mortgaged by her husband, and that she had not ratified the mortgage as to any

part thereof. But these questions were submitted to the jury, and plaintiff in error cannot complain because the verdict as against him was too small.

. The judgment of the district court as against George N. Youngson will, therefore, be affirmed, and as to Helen Youngson will be reversed, but not remanded, unless upon motion of defendant in error.

JUDGMENT ACCORDINGLY.

THE other judges concur.